IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CESAR E. CAMACHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STAR OF SIAM, INC., | ) |
| and ADERIK DULYAPAIBUL | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Cesar E. Camacho, by and through his attorneys, for his Complaint against The Star of Siam, Inc. and Aderik Dulyapaibul, individually (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay minimum wages to Plaintiff and for taking unlawful deductions from his pay.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

1

## THE PARTIES

4. Plaintiff Cesar E. Camacho resides in and is domiciled in this judicial district.

5. Plaintiff Cesar E. Camacho is a former employee of Defendants.

6. During the course of his employment, Plaintiff Camacho handled goods that moved in interstate commerce, including coffee, sugar, plastic bags, and utensils.

7. Defendant Star of Siam, Inc. ("Star of Siam") is a corporation doing business within this judicial district.

8. Star of Siam is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Upon information and belief, during the last three years Star of Siam's annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

10. Defendant Star of Siam was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Defendant Aderik Dulyapaibul is the President of Star of Siam and is involved in the day-to-day business operation of Star of Siam. Among other things, Defendant Aderik Dulyapaibul has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

12. Defendant Aderik Dulyapaibul was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

13. Defendant Aderik Dulyapaibul resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

14. Defendants operate a restaurant that has as a core function food delivery to clients' homes and businesses.

15. Plaintiff was a delivery driver for Defendants for approximately 15 years.

16. In the three years prior to the filing of this suit, Plaintiff was paid $3.00 per delivery plus any customer tips.

17. In the three years prior to the filing of this suit, Plaintiff typically worked 28.5 hours per week.

18. In the three years prior to the filing of this suit, Plaintiff typically worked Monday through Friday from 5:30 p.m. to approximately 10:00 p.m. and, in addition, Plaintiff worked from 11:00 a.m. to 2:00 p.m. on Tuesdays and Thursdays.

19. Defendants did not reimburse Plaintiff for gas, insurance, automobile expenses and other travel related expenses when he delivered food for Defendants.

20. On average, Plaintiff drove approximately 370 miles per week.

21. On May 28, 2019, Plaintiff was issued a check in the amount of $365.00 for approximately 28.5 hours of work performed the previous week. Using the IRS Mileage Rates, Plaintiff was due to be reimbursed for $214.60 for the approximately 370 miles driven during this pay period. Because Defendants did not reimburse Plaintiff for the fees associated with deliveries his hourly rate was reduced to $5.28 per hour which is below the federal, state, and City of Chicago minimum wage rate.

22. There were other weeks in which Plaintiff's wages fell below the federal, state, and City of Chicago minimum wage rate.

23. In addition to deliveries Plaintiff was also required to help in the restaurant if the

restaurant was busy and there no deliveries to be made.

24. When not out making deliveries, Plaintiff was required to stay at the restaurant while he waited for the next delivery or assigned a task to perform at the restaurant.

25. Plaintiff's schedule that was set by Defendants.

26. Defendants and their agents told Plaintiff what items to deliver and when to deliver those items as well as assigned other tasks.

27. Plaintiff did not have an independently established business to perform delivery services.

28. Plaintiff and Defendants had an agreement that he would receive $3.00 per delivery plus tips.

29. The expenses associated with food delivery which were incurred by Plaintiff in delivering Defendants' food were incurred for the benefit of the Defendants. The requirement that Plaintiff pay these expenses constituted a kick-back to the Defendants such that the hourly wages which were paid to the Plaintiff were not paid free and clear of all outstanding obligations to his employer.

30. Prior to 2018, Defendants reported Plaintiff's wages on an IRS Form W-2 for tax purposes.

31. In 2018, Defendants unilaterally decided to report Plaintiff's earned wages on a Form 1099-MISC.

32. There were no changes to Plaintiff's work for Defendants from 2017 to 2018.

33. Defendants reported wages paid to Plaintiff on a Form 1099- MISC in 2018 despite

the fact that Plaintiff continued to be Defendants' employee as he had been in previous years.

34. Defendants listed the wages and tips paid to Plaintiff in 2018 as nonemployee compensation on the IRS 1099-MISC form.

35. Defendants requested that Plaintiff and other delivery drivers execute an IRS Form w-9 in 2018.

36. Defendant Aderik Dulyapaibul encouraged Plaintiff to not list his Social Security Number correctly so to not have to pay taxes.

37. Upon information and belief, Defendants will again report wages and tips paid to Plaintiff on an IRS 1099-MISC form as nonemployee compensation for wages earned in 2019.

38. The Defendants failed to reimburse Plaintiff for expenses incurred on Star of Siam's behalf which resulted in Plaintiff being paid less than the Illinois minimum wage and reduced his wages below what the parties agreed at the time of hiring in violation of the Illinois Wage Payment and Collection Act.

## COUNT I
**Violation of the Illinois Wage Payment and Collection Act**

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff at the rate agreed by the parties.

40. During the course of his employment with Defendants, Plaintiff was not fully compensated for all time worked in certain work weeks because of Defendants required Plaintiff to pay for gas, insurance, automobile expenses and other travel expenses.

41. Plaintiff was entitled to be paid for all time worked at the rate agreed by the parties.

42. Defendants failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants, as follows:

A. A judgment in the amount of all unpaid wages due, as provided by the IWPCA;

B. Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and damages as set forth in 820 ILCS 115/14;

C. Liquidated damages in the amount of all unpaid wages in accordance with 820 ILCS 175/95(a)(1);

D. An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

E. Reasonable attorneys' fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wage Violation

Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

44. This Count arises from Defendants' violation of the FLSA for its failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

45. During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff at the federally mandated minimum wage for all the hours he worked because they failed to reimburse him for costs associated with making food deliveries.

46. Plaintiff was entitled to be paid the federal minimum wage for all time worked.

47. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

48. Plaintiff is entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendants' failure to pay minimum wages for all hours worked was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked for Defendants;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

49. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs state-mandated minimum wages for all time worked.

50. Because Plaintiff was forced to pay for expenses related to delivering Defendants' food his wages fell below the Illinois minimum wage.

51. Plaintiff was entitled to be paid at least the Illinois minimum wage for all time worked.

52. Defendants' failure to pay the Illinois minimum wage rate for all time worked violated the minimum wage hour provisions of the IMWL.

53. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
**Violation of Internal Revenue Code - Fraudulent Filing of Information Returns**

Plaintiffs hereby realleges and incorporates paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

54. This count arises from Defendants' violation of the Internal Revenue Code, 26 U.S.C. § 7434, for Defendants' fraudulent filing of MISC-1099 forms listing wages earned as nonemployee compensation.

55. 26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

56. As described above, Defendants willfully filed a fraudulent information return for 2018 to the IRS with respect to the wages paid to the Plaintiff. The 2018 1099-MISC falsely stated

that nonemployee compensation was paid to Plaintiff when, in fact, these amounts were for wages and tips.

57. As a result, Plaintiff suffered increased tax liability.

58. Plaintiff is entitled to recover damages of the greater of: (a) $5,000 per fraudulent information return filed or the actual economic damages sustained as proximate result of the filing of the fraudulent information return.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in an amount equal to the greater of $5,000 for each fraudulent information return filed by Defendants, or the sum of actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information returns;

B. The costs of bringing this action;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 17, 2019            **CESAR E. CAMACHO**

By: _s/Carlos G. Becerra_
    Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com